J-S01022-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOUIS VAN REESE | : | |
| | : | |
| Appellant | : | No. 455 WDA 2025 |

Appeal from the PCRA Order Entered April 2, 2025
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005062-2002

BEFORE:   BOWES, J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED: March 10, 2026**

Louis Van Reese appeals *pro se* from the order entered on April 2, 2025, dismissing his serial petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Reese argues the PCRA court erred in finding he did not meet a timeliness exception. After careful review, we affirm.

The factual history is not necessary for our disposition. Briefly, Reese was charged and convicted of three counts each of criminal attempt to commit homicide and aggravated assault.[1] The charges stemmed from an incident on December 10, 2001, where Reese followed and shot into a car with Talavia

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901(a) and 2702(a)(1), respectively.

Ledbetter, Kevin Crosby, and Lindsay Loker inside. Crosby was shot and the car crashed, causing injuries to all three individuals.[2]

Reese was found guilty after a jury trial in December of 2004. The trial court sentenced Reese to an aggregate 25 to 60 years' incarceration on April 6, 2005. This Court affirmed the judgment of sentence on May 8, 2007. Reese did not petition for allowance of appeal with the Pennsylvania Supreme Court.

Between 2007 and 2023, Reese filed multiple PCRA petitions. Reese filed the instant PCRA petition on August 14, 2023, and a supplemental PCRA petition on January 24, 2024. The PCRA court issued a Rule 907 notice of intent to dismiss on October 4, 2024. *See* Pa.R.Crim.P. 907. After a response from Reese, the PCRA court dismissed the PCRA petitions on April 2, 2025.

Reese filed a timely appeal and complied with the PCRA court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b). The PCRA court authored its opinion on August 19, 2025. *See* Pa.R.A.P. 1925(a).

Reese raises two issues for our review:

1. The PCRA court erred by dismissing [Reese's] PCRA claim that the Commonwealth committed fraud upon the court in their August 8, 2002 []petition to amend information[] when they illegally circumvented [Pa.]R.Crim.P. 564 and violated [Reese's] due process rights, his Pennsylvania constitutional rights, and his United States constitutional rights when they falsely presented to the Court of Common Pleas court that [Reese] was always charged with three (3) criminal attempt homicide charges when in fact he was only charged with one criminal attempt homicide and lesser

---

[2] For a more detailed description of the factual history, we refer to this Court's prior decision on the matter: ***Commonwealth v. Reese***, 772 WDA 2015, *1-2 (Pa. Super. filed Sept. 6, 2016) (unpublished memorandum).

offenses according to the criminal complaint thereby illegally presenting to the jury two additional criminal attempt homicide charges which led to a grave miscarriage of justice that created extraordinary circumstances that offend the justice system as a whole.

2. [The] PCRA court erred by dismissing [Resse's] PCRA without conducting a hearing for an issue that is complex in nature and where the interest of justice is required.

Appellant's Brief, at ix (unnecessary capitalization omitted).[3]

We begin with our well-established standard of review:

This Court reviews the dismissal of a PCRA petition to determine whether the record supports the court's determination and whether its order is otherwise free of legal error. While we grant great deference to the PCRA court's findings of fact, if supported by the record, we review the court's legal conclusions de novo. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party.

*Commonwealth v. Williams*, 347 A.3d 728, 731-32 (Pa. Super. 2025) (citations and quotation marks omitted).

We must first determine if this Court has jurisdiction to address the merits of Reese's claims. "[T]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Id.* at 732 (internal quotation marks and citation omitted).

---

[3] Reese titles this page "§ 1925(b) Statement." Appellant's Brief, at ix. However, because it is formatted similar to a statement of questions involved, and because Reese's "Statement of the Questions Presented" is not formatted pursuant to Rule 2116(a), and these two issues match Reese's argument sections, we rely on these as the questions presented. *See* Pa.R.A.P. 2116(a); Appellant's Brief, at x-xiii, 33, 61.

A PCRA petition must be filed within one year of the date the judgment becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The only way to obtain review after the one-year period is to meet one of three statutorily enumerated timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

In this case, Reese's sentence became final on June 7, 2007. He therefore had until June 7, 2008, to file a timely PCRA petition. His PCRA petition filed on August 14, 2023, is facially untimely.

Reese alleges he met two timeliness exceptions, commonly referred to as the newly discovered fact and government interference exceptions. **See** Appellant's Brief, at 24-32; 42 Pa.C.S.A. § 9545(b)(1)(i) & (ii). Regarding the newly discovered fact exception, Reese submits "the Commonwealth

misrepresented facts and committed fraud upon the court" in filing three separate counts of attempted homicide against him. *Id.* at 24. Reese claims he was originally charged with only one count of criminal attempt homicide and believed, until recently, that the Commonwealth obtained valid approval from the trial court to amend the criminal information to add two additional counts of criminal attempt homicide. *See id.* at 25. He asserts the same belief that the Commonwealth committed a fraud upon the court supports the government interference exception as well. *See id.* at 29-30.

Our Supreme Court recently addressed the newly discovered fact exception:

> We have described the timeliness exception at Section 9545(b)(1)(ii) as having two components: 1) the facts upon which the claim was predicated were unknown to the petitioner and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these components, then the PCRA court has jurisdiction over the claim under this subsection. Black's Law Dictionary defines "fact" as follows:
>
> > 1. Something that actually exists; an aspect of reality <it is a fact that all people are mortal>. •Facts include not just tangible things, actual occurrences, and relationships, but also states of mind such as intentions and the holding of opinions.
> >
> > 2. An actual or alleged event or circumstance, as distinguished from its legal effect, consequence, or interpretation <the jury made a finding of fact>.— Also termed historical fact.
> >
> > 3. An evil deed; a crime <an accessory after the fact>.

*Commonwealth v. Brown*, ---A.3d---, 3 WAP 2025, \*12-13 (Pa. filed Jan. 28, 2026) (emphasis, footnotes, and some quotation marks omitted).

Here, the "fact" Reese alleges he recently discovered is that the Commonwealth added two more charges of criminal attempt homicide without court approval. *See* Appellant's Brief, at 24-25. This is simply incorrect and therefore is not a "fact" that Reese can rely upon for the timeliness exception. *See Brown*, ---A.3d---, 3 WAP 2025, at *13.

Reese was charged by criminal complaint filed on December 11, 2001. On the second page of the criminal complaint, it lists three counts of criminal attempt homicide, one for each victim. *See* Criminal Complaint, 12/11/01, at 2. The fourth page of the criminal complaint again lists three counts of criminal attempt. *See id.* at 4. The paperwork from Magistrate District Judge Moira Harrington specifies three counts of criminal attempt homicide were held for court. *See* Docket Transcript, 4/9/02, at 1. Finally, the original criminal information filed against Reese includes three counts of criminal attempt homicide. *See* Criminal Information, 5/24/02, at 1-2. Reese signed the criminal information indicating he received a copy on June 12, 2002. *See* Receipt of Copy of Information, 6/12/02 (unpaginated). As such, Reese's allegation is not a fact, as it is not "something that actually exists." *Brown*, ---A.3d---, 3 WAP 2025, at *13. The certified record clearly shows that Reese's allegation is simply incorrect and not true.

Because there is no valid claim within Reese's petition, it is impossible for the government to have interfered with Reese's presentation of his non-existent claim. The Commonwealth did not commit fraud upon the court, as it

did, in fact, file three separate charges of criminal attempt homicide against Reese from the very beginning of his case. The Commonwealth therefore never misrepresented any facts to the court as Reese now alleges.

The PCRA court correctly found Reese did not establish a timeliness exception to the PCRA, therefore rendering the court without jurisdiction to address the merits of his petition. We affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 03/10/2026